UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carnell Davis, #179330,<br><br>       Petitioner,<br><br>vs.<br><br>Warden of Lieber Correctional Institution,<br><br>       Respondent. | ) C/A No.: 9:08-2081-HMH-GCK<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Petitioner, a state prisoner incarcerated at the Lieber Correctional Institution (Lieber), has filed this matter pursuant to 28 U.S.C. § 2241. He is proceeding *pro se*. Petitioner has submitted a memorandum in support of his petition for writ of habeas corpus.

The memorandum (memo) is one that has been submitted by several inmates incarcerated at Lieber.[1] The memo argues, in essence, that the petitioner should be permitted to proceed under Section 2241 because a petition filed pursuant to 28 U.S.C. § 2254 would require this Court to follow the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214 (AEDPA), including the bar which prohibits the review of a successive petition unless the petitioner has obtained permission from a Circuit Court to proceed, and the requirement that the petitioner file his habeas case within the one year statute of limitations as set out in that statute.

A review of the South Carolina Department of Corrections data base reveals that the petitioner in the above-captioned matter was sentenced in 1991 for a murder conviction. Petitioner

---

[1] This Court may take judicial notice of its own files and records. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

filed a petition for writ of habeas corpus in this court challenging that murder conviction.[2] A review of that petition reveals that petitioner pleaded guilty to the murder charges[3], but failed to file a direct appeal.

Petitioner filed his first application for post-conviction relief (PCR) on March 2, 1992 which was dismissed with prejudice. Petitioner did not file an appeal from that order. Petitioner filed a second application for PCR on October 23, 1995. The PCR Judge granted the petitioner a belated appeal pursuant to *Austin v. State*, 490 S.E.2d 395 (S.C. 1991), however the petitioner failed to file his appeal.

Petitioner subsequently filed a petition for writ of habeas corpus in this Court on June 17, 2004. *See Davis v. Eagleton, et al.*, Civil Action No.: 9:04-1743-HMH-GCK (D.S.C. 2004). The respondents timely filed a Motion for Summary Judgment and a memorandum in support, and petitioner filed his reply. The Motion for Summary Judgment was granted because the petition for the writ was untimely, and because petitioner had not exhausted his state remedies.

Petitioner filed a third application for PCR on May 6, 2005 which was also dismissed. Petitioner did not appeal the denial of his third PCR application. A second petition for writ of habeas corpus followed.[4] That petition was dismissed for failure to seek leave to file a successive petition, and because the action was time barred and was subject to dismissal under Rule 9 of the Section 2254 rules.

Petitioner now files his third petition for writ of habeas corpus challenging his murder and

---

[2] *See Davis v. Eagleton, et al.*, Civil Action No.: 9:04-1743-HMH-GCK (D.S.C. 2004).

[3] Petitioner also pleaded guilty to assault and battery with intent to kill. *See Davis v. Eagleton, et al.*, Civil Action No.: 9:04-1743-HMH-GCK (D.S.C. 2004)

[4] *See Davis v. Warden*, Civil Action No.: 9:07-3318-HMH-GCK (D.S.C. 2007).

assault and battery with intent to kill convictions, and supports this most recent application with the memo discussed above.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

Section 2241 is not available to challenge a state court judgment. *See Forde v. People of California*, 2008 WL 2064779 (C.D. Cal. May 12, 2008)(unpublished)("it is well settled that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition challenging a state court judgment" citing *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). In any event, even if the relief

petitioner seeks was available, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the above-captioned case should be dismissed because the petitioner has not exhausted his state remedies. A writ of habeas corpus can be sought only after the petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(**exhaustion also required under 28 U.S.C. § 2241**); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(**exhaustion required under 28 U.S.C. § 2241**). The petitioner has filed three applications for post conviction relief but has never appealed the denial of any one of the three applications. As a result, the grounds raised in the § 2241 petition have not been considered and addressed by courts of the State of South Carolina.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

August 18, 2008  
Charleston, South Carolina

George C. Kosko  
United States Magistrate Judge

*The petitioner's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).